IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

| | |
|---|---|
| R80 LLC<br>8120 Woodmont Ave, Suite 180<br>Bethesda, Montgomery County<br>Maryland 20814<br><br>Plaintiff,<br><br>v.<br><br>Société des Produits Nestlé S.A.<br>Avenue Nestlé 55<br>1800 Vevey<br>Switzerland;<br><br>Nestle Healthcare Nutrition, Inc.<br>d/b/a Nestlé Health Science<br>1007 U.S. Highway 202/206, Building JR2<br>Bridgewater, New Jersey 08807;<br><br>VitaminPacks, Inc.,<br>35131 SE Douglas St, Suite 105<br>Snoqualmie, Washington 98065,<br><br>Defendants. | Civil Action No.:<br><br>JURY TRIAL DEMANDED |

**COMPLAINT**

Plaintiff R80 LLC ("**Plaintiff**"), a Delaware limited liability company located in Maryland, complains and alleges against Société des Produits Nestlé S.A ("**Nestlé S.A.**"), a Switzerland public limited liability company, Nestle Healthcare Nutrition, Inc. d/b/a Nestlé Health Science ("**NHSc**"), a Delaware corporation (together, NHSc and Nestlé S.A. are referred to herein as "**Nestlé**"), and VitaminPacks, Inc. ("**VitaminPacks**"), a Delaware corporation (collectively, "**Defendants**"), as follows.

## NATURE OF ACTION

1. Plaintiff is the exclusive owner of the incontestable, federally-registered trademark **PersonaDoctors®**, which is the brand name of its innovative physician-designed therapies for weight loss and anti-aging. The PersonaDoctors services have been offered to promote wellness to customers throughout the greater D.C., Maryland, and Virginia region and beyond for more than seven years, and the PersonaDoctors mark has come to embody the valuable goodwill and brand recognition therein.

2. Defendants are also in the weight loss and anti-aging market. Instead of adopting their own unique brand, and despite having full knowledge of Plaintiff's senior trademark rights, Defendants have chosen to offer their goods and services under the highly confusing mark **Persona**.

3. To make matters worse, Defendants increasingly market their wellness offerings as "doctor-designed", as medical assessments, or otherwise as treatments that doctors customize to individual customers. Such messaging only increases the likelihood that consumers will confuse Persona with PersonaDoctors.

4. To protect its intellectual property rights, to stop Defendants from willfully trading on its valuable goodwill, and to prevent further consumer confusion, Plaintiff brings this action seeking the relief set forth below.

## THE PARTIES

5. Plaintiff R80 LLC is a limited liability company organized under the laws of Delaware with a principal place of business at 8120 Woodmont Ave, Suite 180, Bethesda, Maryland, 20814.

6. Defendant Société des Produits Nestlé S.A. is a public limited liability company organized under the laws of Switzerland with an address of Avenue Nestlé 55, 1800 Vevey, Switzerland. Nestlé S.A. is the current owner of the infringing Persona mark.

7. Defendant Nestle Healthcare Nutrition, Inc. d/b/a Nestlé Health Science is a corporation organized under the laws of Delaware with a principal place of business at 1007 US Highway 202/206, Building JR2, Bridgewater, New Jersey, 08807. Owned by Nestlé S.A., NHSc acquired VitaminPacks on or around August 22, 2019.[1]

8. Defendant VitaminPacks, Inc. is a corporation organized under the laws of Delaware with a principal place of business at 35131 SE Douglas St, Suite 105, Snoqualmie, Washington, 98065. VitaminPacks is the former owner of the infringing Persona mark. On information and belief, it now licenses the mark from the mark's current owner Nestlé S.A. and, either in connection with or under the supervision of NHSc,[2] operates the Persona business in the United States.

## JURISDICTION AND VENUE

9. This is an action for federal trademark infringement and unfair competition arising under the federal trademark statute (the "**Lanham Act**"), 15 U.S.C. § 1051 *et seq*., as well as for trademark infringement and unfair competition under the common law of the State of Maryland.

---

[1] *Nestlé Health Science Expands into Personalized Nutrition with Acquisition of Persona™*, Aug. 22, 2019, https://www.nestle.com/sites/default/files/2019-08/nestle-health-science-persona-press-release-22-08-2019.pdf (last visited June 8, 2021).

[2] VitaminPacks now does business as "Persona Nutrition" or "Persona" and is referred to as a Nestlé Health Science company in Nestlé marketing. *See, e.g.*, *Persona Launches New Gummy Vitamin Packs for the Entire Family*, nestlehealthscience.com, Apr. 14, 2021, https://www.nestlehealthscience.com/newsroom/press-releases/persona-launches-new-gummy ("Persona™, a Nestlé Health Science (NHSc) company"); LinkedIn, https://www.linkedin.com/company/personanutrition (last visited June 8, 2021) ("Persona, a Nestlé Health Science Company").

10. This Court has original jurisdiction over the federal claims pursuant to 15 U.S.C. §§ 1114, 1121, & 1125 and 28 U.S.C. §§ 1331 & 1338.

11. This Court has supplemental jurisdiction over the state claim under 28 U.S.C. § 1367(a), because the claim is so related to the federal claims that it forms part of the same case or controversy under Article III of the United States Constitution.

12. This Court has personal jurisdiction over Defendants pursuant to the Maryland long-arm statute because: (i) Defendants caused tortious injury to Plaintiff resulting from acts in this state by, *inter alia*, specifically targeting advertisements to persons in this state and using or authorizing the use of the infringing Persona mark in those advertisements in this state; (ii) Defendants caused tortious injury to Plaintiff in this judicial district by operating and maintaining an interactive website featuring the infringing mark, which is publicly accessible in Maryland and offers goods and services available for purchase by Maryland consumers; (iii) Defendants transact business in this judicial district by operation of an interactive website under the infringing mark where consumers may purchase goods and services in this state; (iv) Defendants VitaminPacks and Nestlé S.A. filed and prosecuted applications with the U.S. Patent and Trademark Office ("**PTO**") to register the Persona mark, seeking exclusive rights to transact business under the mark in every state including Maryland; and (v) Defendants should reasonably expect that their conduct would have consequences in this state, where Plaintiff is located. Further, Defendants have sufficient minimum contacts with this state through such activities that the maintenance of this lawsuit does not offend traditional notions of fair play and substantial justice.

13. Venue is proper in the U.S. District Court for the District of Maryland under 28 U.S.C. § 1391(b) because: (i) Plaintiff maintains its headquarters in this judicial district;

(ii) Defendants' tortious conduct has caused and will continue to cause injury in this judicial district; and/or (iii) a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

## FACTUAL BACKGROUND

### PersonaDoctors

14. PersonaDoctors provides customized weight loss and anti-aging therapies that are specifically designed by doctors pursuant to each individual customer's goals, current medical condition, medical history, and lifestyle. These customized therapies include weight loss medications, medical advice and recommendations, nutritional counseling, and supplements, among other things.

15. The PersonaDoctors mark was first used at least as early as January of 2014, when Plaintiff's predecessor adopted it as a brand name for its weight loss and related services offered from clinic locations in Maryland and Virginia. The mark has been used continuously since then to provide services to consumers in interstate commerce.

16. There are now seven PersonaDoctors locations in Maryland and Virginia, staffed by four physicians as well as other medical professionals. These locations provide in-person services to customers from those states and routinely serve customers traveling from D.C., West Virginia, Delaware, and Pennsylvania. In addition, Plaintiff ships medications branded with the PersonaDoctors mark to customers in thirty-one states nationwide.[3]

[3] These are: Arizona, Colorado, Connecticut, D.C., Delaware, Florida, Georgia, Hawaii, Illinois, Idaho, Iowa, Kansas, Maine, Maryland, Minnesota, Mississippi, Nevada, New Jersey, New York, Ohio, Oklahoma, Oregon, Pennsylvania, Rhode Island, South Dakota, Tennessee, Utah, Virginia, Washington, West Virginia, and Wisconsin.

17. Among the factors that draw consumers to the PersonaDoctors service is the involvement of physicians – actual doctors – who meet with customers, tailor therapies, prescribe medications when appropriate, and provide ongoing medical supervision and support.

18. As a result of seven years of high-quality services and satisfied customers, PersonaDoctors has earned a valuable reputation among relevant consumers, and the PersonaDoctors trademark embodies the valuable goodwill and brand recognition in this business. The PersonaDoctors mark, as it appears on Plaintiff's website, medical weight loss products, and retail locations, is depicted in the images below:

PersonaDoctors
lose weight · energize · feel younger






19. To protect its valuable intellectual property rights and put others on notice of such rights, Plaintiff and its predecessors have maintained a U.S. trademark registration for the PersonaDoctors mark covering the following services –

> Conducting medical physical evaluations; medical services; dispensing of pharmaceuticals; dispensing of pharmaceuticals, namely, injectables; dispensing of medicines, namely, hormone replacement therapies; cosmetic fat reduction procedures, namely, nonsurgical cosmetic body care services; physician services.

20. A true and correct certified copy of the Certificate of Registration from the PTO, with a statement from the PTO identifying Plaintiff as the current owner of the mark, is attached hereto as Exhibit 1.[4]

21. Plaintiff's registered PersonaDoctors mark has achieved incontestability within the meaning of the Lanham Act, 15 U.S.C. § 1065.

22. The PersonaDoctors mark is inherently distinctive, as evidenced by its incontestable trademark registration, and it has also acquired distinctiveness, and commercial strength in the greater D.C., Maryland, and Virginia region in particular, through substantially exclusive use in commerce for more than seven years, robust marketing and promotional efforts, and numerous customers.

23. Plaintiff invests approximately one million dollars per year on marketing that prominently features the PersonaDoctors trademark. There have been over 38,500 customers for its services generating over $68 million in revenue over the past seven years. Accordingly, the PersonaDoctors mark has achieved wide recognition among relevant consumers, thanks to the success of its services, sustained investment in marketing, and positive reviews.

---

[4] In addition, the current status page from the PTO's Trademark Status & Document Retrieval database is publicly available here: https://tsdr.uspto.gov/#caseNumber=86229725&caseType=SERIAL_NO&searchType=statusSearch and is attached as Exhibit 2.

24. Plaintiff has nationwide, exclusive trademark rights based on rendering in-person services in connection with the PersonaDoctors mark to customers traveling from multiple states since at least as early as January 2014, from shipping and selling treatments bearing the PersonaDoctors mark to an expanding number of U.S. states (currently thirty-one), and by virtue of its federal trademark registration that issued November 11, 2014 with a March 24, 2014 priority date.

25. Plaintiff's expansion plans will soon bring more PersonaDoctors-branded offerings to an even broader group of consumers across the country as it prepares to launch telehealth services later this year. Plaintiff is also exploring opening additional brick-and-mortar locations in new markets.

**Defendants' Infringing Mark**

26. In 2018, VitaminPacks started a business of providing vitamins to consumers through the mail. It adopted and used the mark Persona in connection with this business.

27. Below is an image depicting VitaminPacks' use of the infringing mark on packaging, using a blue-and-white color scheme similar to that used by Plaintiff.[5]

[5] *See* Persona, FACEBOOK (Oct. 21, 2020), https://www.facebook.com/PersonaNutrition/photos/2517424848555547/.




28. In 2018 and 2019, VitaminPacks filed U.S. trademark applications for the Persona mark, both in standard character form and with a design. The applications were limited in scope to its online vitamin business.[6]

29. On or around August 22, 2019, NHSc acquired VitaminPacks. Sometime thereafter, VitaminPacks adopted the "doing business as" name of "Persona Nutrition" according to its corporate filings.[7]

---

[6] U.S. Trademark Application Serial No. 88/546,510 (filed July 29, 2019), covering: "On-line retail store services featuring vitamins and vitamin products, prenatal vitamins, multi-vitamin preparations, mineral supplements, herbal supplements and nutritional supplements."

U.S. Trademark Application Serial No. 88/546,526 (filed July 29, 2019), covering: "Informational services, namely, providing information about vitamins and nutritional supplements; preparation and dispensing of vitamins and nutritional supplements."

U.S. Trademark Application Serial No. 88/546,356 (filed July 29, 2019), covering: "Herbal supplements; Vitamin preparations; Vitamin supplements; Vitamin tablets; Vitamins; Mineral supplements; Multi-vitamin preparations; Nutritional supplements; Prenatal vitamins."

[7] *See* VitaminPacks, Inc., Annual Report, Secretary of State Washington (June 16, 2020), attached hereto as Exhibit 3 (identifying "Persona Nutrition" as its "dba"). Its previous Annual Report, filed in 2019, did not identify this "dba" name.

30. Plaintiff thereafter noticed a change in the way VitaminPacks marketed the Persona brand. The marketing suggested VitaminPacks offered medical consultations or medical advice under the Persona mark, and that doctors customized vitamin and supplement combinations to each customer. It touted "doctor-approved recommendations" that would be available to users who took a personal health assessment online. "Every question you answer on our assessment creates a new path that leads to your custom vitamin recommendations," read its website. It also appeared to offer nutritional counseling services, just like Plaintiff does.

31. Attached hereto as Exhibit 4 is a screenshot reflecting the above statements from VitaminPacks' website captured on or around April 30, 2020.

32. Alarmed by these developments, Plaintiff submitted Letters of Protest to the PTO flagging the potential for consumer confusion between Plaintiff's registered PersonaDoctors mark and the applied-for Persona mark.

33. On April 30, 2020, Plaintiff wrote to VitaminPacks about its concerns that VitaminPacks was marketing medical evaluations and medical and nutritional advice under the Persona mark, services that directly overlapped with the PersonaDoctors' offerings. Plaintiff also questioned the truthfulness of the messaging that doctors or other medical professionals customized the Persona vitamin packs to each individual.

34. VitaminPacks responded substantively to Plaintiff's letter on June 3, 2020. It denied that it offered any medical advice or other medical services, and it disagreed that its marketing implied that it did so. It explained that doctors helped to develop an algorithm that identified potential drug interactions with vitamins and supplements. Statements like "doctor-approved recommendations," according to VitaminPacks, "refers generally to health information that PERSONA's website offers, not to each customer's vitamin recommendation." Based on

these explicit representations, Plaintiff was led to believe that VitaminPacks did not actually offer customized advice or recommendations from doctors.

35. VitaminPacks also pointed out that Plaintiff offered medical weight loss treatments, while VitaminPacks "does not focus on bariatric goods or services." Rather than focus on weight loss, VitaminPacks' products targeted "a fuller range of nutritional needs."

36. Nonetheless, VitaminPacks admitted that it offered nutritional advice and counseling, despite not identifying these services in its pending trademark applications. These services directly overlap with Plaintiff's services, and VitaminPacks had artfully omitted them from its applications.

37. VitaminPacks also admitted that it offered its services "nationwide," by definition encompassing Plaintiff's main geographic area, but it also asserted that the parties "differ[ed] markedly in their . . . geographic reach" and "geographic scope."

38. VitaminPacks also argued that there was no likelihood of confusion because its prominent use of the distinctive "fingerprint" logo with the Persona mark helped to distinguish the parties' respective brands, and it further claimed that third parties were using similar marks in connection with similar goods and services. Having concluded that these points should avoid any likelihood of confusion, VitaminPacks refused to change any of its marketing or its use of the Persona mark. Plaintiff was unpersuaded, but monitored for actual confusion in the marketplace and waited to see if the PTO would act on its Letters of Protest and provide further support to Plaintiff's claims of likely confusion.

39. Between June and September of 2020, the PTO issued office actions refusing registration to three of the five Persona trademark applications for which Plaintiff had submitted a

Letter of Protest, based on a likelihood of confusion with the PersonaDoctors mark.[8]

40. Although the PTO backed up Plaintiff's position, over the next several months it became increasingly apparent that VitaminPacks – and Nestlé S.A., who would soon be assigned the Persona mark – had no plans to do the things that VitaminPacks had suggested or implied would avoid confusion in its June letter, such as avoiding a focus on weight loss, avoiding implying that it offered "doctors'" services, or consistently using a fingerprint design. In addition, while VitaminPacks had suggested that geographic differences would mitigate confusion, the lack of any geographic differences was laid bare as Defendants began deliberately targeting advertising to consumers in the very region where Plaintiff operates its brick-and-mortar locations. Indeed, once the marks were assigned to Nestlé S.A., Defendants set themselves on a collision course with Plaintiff's rights, without any regard for the PTO's opinion or any of the "marked differences" VitaminPacks previously claimed would avoid confusion.

41. On or around November 18, 2020, VitaminPacks recorded an assignment with the PTO purporting to convey its Persona trademark rights to Nestlé S.A. as of October 30, 2020. Thus, Defendant Nestlé S.A., already the ultimate parent company of VitaminPacks, now became the owner of the Persona mark. It apparently licensed the mark to VitaminPacks (doing business as "Persona Nutrition") and to NHSc, as both have continued to use the Persona mark in the United States.

42. During the fall of 2020, Defendants argued to the PTO that there was no likelihood of confusion between the Persona mark and the PersonaDoctors mark. The PTO was unpersuaded,

---

[8] The remaining two of the five applications were also refused registration, on the basis of a likelihood of confusion with a different mark owned by a third party. A sixth application was filed after Plaintiff submitted its Letters of Protest. Plaintiff has timely filed an extension of time to oppose that application.

and on February 10, 2021 it issued new office actions making the refusals final.

43. Specifically, the PTO refused registration of applications for the Persona mark, with the "fingerprint" logo, in connection with the following goods and services –

- Herbal supplements; Vitamin preparations; Vitamin supplements; Vitamin tablets; Vitamins; Mineral supplements; Multi-vitamin preparations; Nutritional supplements; Prenatal vitamins. U.S. Trademark Application Serial No. 88/546,356 (filed July 29, 2019);

- On-line retail store services featuring vitamins and vitamin products, prenatal vitamins, multi-vitamin preparations, mineral supplements, herbal supplements and nutritional supplements. U.S. Trademark Application Serial No. 88/546,510 (filed July 29, 2019); and

- Informational services, namely, providing information about vitamins and nutritional supplements; preparation and dispensing of vitamins and nutritional supplements. U.S. Trademark Application Serial No. 88/546,526 (filed July 29, 2019).

44. The PTO examining attorney found that consumers are likely to be confused by the similarity of the parties' marks, even with the "fingerprint" design element, and that the above-identified goods and services were sufficiently related to Plaintiff's registered services that consumers would believe that they emanated from the same source. The examining attorney rejected Defendants' argument, similar to that advanced by VitaminPacks in its June 2020 letter to Plaintiff, that the presence of third-party marks incorporating the element "Persona" in the marketplace obviated the likelihood of confusion.

45. Even as the PTO issued office actions explaining the likelihood of confusion, Defendants proceeded to amplify the Persona offerings in fields that directly overlapped with Plaintiff's services, including nutritional counseling, customized advice and recommendations by doctors (which Defendants' marketing implied were offered), and weight loss-specific or bariatric offerings. For example –

(a) Nestlé S.A.'s descriptions of the Persona service on its website play up the

customized advice and healthcare aspects of the service. "To receive **advice unique to their own health needs**, users can receive **doctor-approved** recommendations and access **online advice** from nutritionists." This description of Persona appears below the heading "Enhancing Bio**medical** science."[9]

(b) On April 29, 2021, Defendants' Persona-branded YouTube channel featured a man wearing a whitecoat in a doctor's office surrounded by medical equipment, identified as Dr. Harry Oken – Persona Medical Advisory Board Member, in a posting where "Dr. Harry Oken talks about the three available COVID-19 vaccines, possible side effects, and how to prepare for the second dose. Drop a question below about the COVID-19 vaccine, personalized nutrition, and all things supplements!"[10]

(c) The Persona homepage currently touts "**Doctor-approved** vitamins and supplements **just for you**[,]"[11] implying that doctors provide customized recommendations. Its assessment page urges visitors to take Persona's "**doctor-designed** nutrition assessment," and claims its "**doctor-designed** algorithm crafts a personal supplement plan to help you reach your wellness goals."[12] A large, bold-font slogan reads, "**Get one-on-one health advice**."[13]

(d) According to a press release, since being acquired by Nestlé, "Persona [has] added more than 100 new employees, including nutritionists, **to bolster its nutritionist-by-**

---

[9] *See* Nestlé, https://www.Nestlé.com/csv/impact/nutrition-knowledge/biomedical-innovation (last visited June 4, 2021) (emphasis added).

[10] *See* Dr. Harry Oken, YouTube, April 29, 2021, https://www.youtube.com/watch?v=JVm5rImHV9s.

[11] *See* Persona, https://www.personanutrition.com/ (last vised June 4, 2021) (emphasis added).

[12] *See* Persona, https://www.personanutrition.com/start-the-assessment/ (last visited June 4, 2021) (emphasis added). *See* Exhibit 5.

[13] *Id.* (emphasis in original).

**appointment offering**." In addition, "Persona added renowned bariatric surgeon, Dr. Philip Schauer, to its MAB [Medical Advisory Board] **to design bariatric and weight management-specific** nutritional supplements."[14]

(e) Defendants indeed started offering new weight loss-specific products, and marketing them as "Doctor-Designed." "**Persona Weight Loss** Premium Daily Vitamin Packs | **Doctor-Designed** Nutrient Blends to Support Weight Loss," appeared on Amazon starting on or around September 10, 2020.[15] "**Start Your Weight Loss Journey with Persona**" states an accompanying slogan.[16] On or around November 12, 2020, Defendants introduced a product specifically for bariatric patients – despite VitaminPacks' previous claim that they "do not focus on bariatric goods or services." A screenshot advertising this offering appears below.[17]

[14] *See Persona Nutrition™ Celebrates Three-Year Anniversary; Achieves New Milestones*, wfmz.com, Sept. 8, 2020, https://www.wfmz.com/news/pr_newswire/pr_newswire_food_beverages/persona-nutrition-tm-celebrates-three-year-anniversary-achieves-new-milestones/article_39c4ecc8-15df-5cff-afc7-d5fc12890e45.html (emphasis added).

[15] *See* Amazon, https://www.amazon.com/Persona-Weight-Daily-Vitamin-Packs/dp/B08HRDXY9K?ref_=ast_sto_dp&th=1 (last visited June 4, 2021) (emphasis added).

[16] *Id*. (emphasis in original).

[17] *See* Persona, https://www.personanutrition.com/products/bariatric-vitamins/ (last visited June 4, 2021).




(f) A new online video advertisement for Defendants' goods starts with the words "Is your health important for you?" while prompting the viewer to "Take Our Free **Health Assessment**." Discussing Persona, an actor explains "they **prescribe** everything for what you need" implying that prescriptions are among Persona's offerings.[18]

46. On March 1, 2021, Plaintiff's counsel and Nestlé S.A.'s counsel spoke by telephone about Plaintiff's continuing trademark infringement concerns and whether the parties could reach a resolution. *That same day*, Nestlé S.A.'s counsel filed two more trademark applications for Persona, intruding further on Plaintiff's rights.[19] One of the new applications covered a mobile app "for providing customized recommendations for vitamins and nutritional supplements based

[18] A persistent link to the ad is available at: https://www.facebook.com/ads/library/?id=800785653894332. A screenshot of that page is attached as Exhibit 6. The advertisement has been running on Facebook, Instagram, and other platforms since May 20, 2021.

[19] U.S. Trademark Application Serial No. 90/553,429 (filed March 1, 2021); U.S. Trademark Application Serial No. 90/553,289 (filed March 1, 2021). These applications have not been examined by the PTO as of the date of this filing.

on a user's unique wellness goals."[20] Thus, instead of merely covering vitamins and supplements, like its prior (denied) applications, this application encroached even closer to Plaintiff's services characterized by customized advice. Further, that application sought protection for the word "Persona" alone, without the "fingerprint" design that Defendants had previously claimed would help distinguish the parties' marks.

47. On information and belief, Defendants have increasingly used the Persona mark alone, without the fingerprint design element as part of the mark. Defendants' use of the compound phrase "Persona Nutrition," once more common, has also become less frequent and less prominent in favor of displaying Persona alone. In addition, the frequent references to "doctors" in the Persona marketing raises the likelihood of confusion with Persona*Doctors*.

48. Defendants have also targeted customers in the geographic region where Plaintiff operates. On or around May 7, 2021, Plaintiff's CEO received an unsolicited direct-to-consumer, Persona-branded advertisement through the mail at his home in Rockville, Maryland in this District (the "**Mailer**"). The Mailer prominently featured the Persona mark and the slogan: "**Designed by doctors. Just for you.**" "FREE EXPERT ADVICE," it read, "Persona customers get one-on-one coaching from our qualified nutritionists, 7 days a week."

49. Attached hereto as Exhibit 7 is a true and complete copy of the Mailer.

50. Defendants' Mailer utilized the United States Postal Service's Informed Delivery® integrated mail and digital marketing campaign services to generate additional consumer impressions, interactions, and insights regarding consumers, including consumers in this District. The integrated advertisement in the May 7, 2021 Informed Delivery unsolicited email sent to Plaintiff's CEO in this District included Defendants' promotional discount offer, and it was

[20] U.S. Trademark Application Serial No. 90/553,429 (filed March 1, 2021).

identified as coming "FROM Persona."

51. On information and belief, Defendants have sent mailers like the above to consumers in the greater D.C., Maryland, and Virginia region where PersonaDoctors has a large customer base, and Defendants have also purchased television advertising spots in this market to target consumers in this area.

52. Plaintiff also markets its services through television advertising in this area, as well as on Facebook, also used by Defendants. Thus, Defendants and Plaintiff use overlapping channels to advertise and offer their respective goods and services.

53. Defendants' actions have led to actual confusion during the past several months. On at least two separate occasions, customers asked one of Plaintiff's clinic managers about Persona Nutrition, after indicating they had seen local advertisements for Persona Nutrition.

54. On another occasion, a customer inquired to Plaintiff's clinic manager about a one-on-one nutritionist counseling service offered by Defendants.

55. In April of 2021, a prospective customer of PersonaDoctors signed up for services, and then asked to redeem a promotional discount offered by Persona Nutrition. She decided not to go through with the new patient intake procedures shortly after learning that the promotion was not redeemable at PersonaDoctors. Such instances of confusion further underscore the increasing risk and damage to Plaintiff arising from Defendants' continued use of the Persona mark.

56. In addition, Defendants' offerings are not the same quality as Plaintiff's, in particular with respect to the role of doctors. Plaintiff offers medically-supervised therapies that are truly customized to an individual by a doctor, with the doctor taking into account the individual's medical conditions, medical history, and existing prescriptions, and offering recommendations based on the results of medical tests conducted on that patient. Defendants

advertise that that their offerings are "doctor-designed" for each individual, and offered pursuant to a health assessment. In reality, the involvement of doctors is much further removed from the individual, and significantly limited. Doctors may be consulted on the general algorithm used as part of Defendants' health assessment, but a doctor does not offer individually-tailored recommendations or review the customer's input in the health assessment. Nor does a doctor "approve" or "design" treatments for each customer.

## FIRST CAUSE OF ACTION

### FEDERAL TRADEMARK INFRINGEMENT UNDER 15 U.S.C. § 1114

57. Plaintiff realleges and incorporates herein by reference paragraphs 1 through 56 of this Complaint as if fully set forth here.

58. Plaintiff owns the inherently distinctive, valid, registered trademark PersonaDoctors.

59. The registration for PersonaDoctors is incontestable within the meaning of the Lanham Act, 15 U.S.C. § 1065, and thus serves as conclusive evidence of the validity of the mark, Plaintiff's ownership thereof, and its exclusive right to use the mark in commerce nationwide.

60. Defendants own and have used the confusingly similar mark Persona to offer and render services and to sell and ship goods in interstate commerce.

61. Defendants' actions as described herein have caused and are likely to cause confusion, mistake, and deception as to the affiliation, connection, or association of Defendants with Plaintiff, as to the true source of Defendants' goods and services, and as to the sponsorship or approval of Defendants or Defendants' goods and services by Plaintiff.

62. Additionally, Defendants' actions as described herein are likely to cause confusion, mistake, and deception as to the true source of Plaintiff's services, and to diminish Plaintiff's

ability to identify itself as the source of its services, and to build goodwill in its PersonaDoctors mark, resulting in trademark infringement by "reverse" confusion.

63. Defendants are not affiliated or associated with Plaintiff or its services, and Plaintiff does not approve of or sponsor Defendants or Defendants' goods and services.

64. Defendants do not have Plaintiff's authorization or consent to use the Persona mark, or any mark confusingly similar to the PersonaDoctors mark.

65. Defendants' actions are willful and reflect an intent to confuse consumers and trade on the goodwill and consumer recognition associated with Plaintiff and the PersonaDoctors mark, as well as a knowing and reckless disregard for Plaintiff's rights in the mark.

66. Defendants intentionally used a mark confusingly similar to the PersonaDoctors mark in commerce in connection with the sale and offering for sale of Defendants' goods and services, knowing that such use was likely to cause confusion, or to cause mistake, or to deceive.

67. The actions of Defendants described above constitute trademark infringement in violation of 15 U.S.C. § 1114.

68. Plaintiff has been, and will continue to be, damaged and irreparably harmed by the actions of Defendants, which will continue unless Defendants are enjoined by this Court. Plaintiff has no adequate remedy at law in that the amount of harm to Plaintiff's business and reputation and the diminution of the goodwill of the PersonaDoctors mark is difficult to ascertain with specificity. Plaintiff is therefore entitled to injunctive relief pursuant to 15 U.S.C. § 1116.

69. Defendants' infringement of the registered PersonaDoctors mark is deliberate, willful, fraudulent, and without extenuating circumstances, and constitutes a knowing use of a mark confusingly similar to Plaintiff's registered trademark. Defendants' infringement is thus an "exceptional case" within the meaning of Section 35(a) of the Lanham Act, 15 U.S.C. § 1117(a).

Plaintiff is therefore entitled to recover three times the amount of its actual damages and Defendants' profits, and the attorneys' fees and costs incurred in this action, as well as prejudgment interest.

## SECOND CAUSE OF ACTION

### FEDERAL UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN UNDER 15 U.S.C. § 1125(a)

70. Plaintiff realleges and incorporates herein by reference paragraphs 1 through 69 of this Complaint as if fully set forth here.

71. Plaintiff owns and uses the inherently distinctive and valid PersonaDoctors mark in interstate commerce. Plaintiff, including through its predecessors-in-interest, commenced use of the PersonaDoctors mark in 2014, prior to any first use of the infringing Persona mark.

72. Defendants' actions as described herein have caused and are likely to cause confusion, mistake, and deception among ordinary consumers as to the affiliation, connection, or association of Defendants with Plaintiff and as to the true source of Defendants' goods or services, and as to the sponsorship or approval of Defendants or Defendants' goods and services by Plaintiff.

73. Additionally, Defendants' actions as described herein are likely to cause confusion, mistake, and deception as to the true source of Plaintiff's services, and to diminish Plaintiff's ability to identify itself as the source of its services, and to build goodwill in its PersonaDoctors mark, resulting in "reverse" confusion among consumers and potential consumers of Plaintiff's services.

74. Defendants' actions constitute unfair competition and false designation of origin in violation of 15 U.S.C. § 1125(a)(1).

75. Defendants' actions are willful and reflect an intent to confuse consumers and trade on the goodwill and consumer recognition associated with Plaintiff and the PersonaDoctors mark,

as well as a knowing and reckless disregard for Plaintiff's rights in the mark.

76. Plaintiff has been, and will continue to be, damaged and irreparably harmed by the actions of Defendants, which will continue unless Defendants are enjoined by this Court. Plaintiff has no adequate remedy at law in that the amount of harm to Plaintiff's business and reputation and the diminution of the goodwill embodied in its trademark is difficult to ascertain with specificity. Plaintiff is therefore entitled to injunctive relief pursuant to 15 U.S.C. § 1116.

77. Defendants' unfair competition and false designation of origin are deliberate, willful, fraudulent, and without extenuating circumstances. Defendants' conduct is thus an "exceptional case" within the meaning of Section 35(a) of the Lanham Act, 15 U.S.C. § 1117(a). Plaintiff is therefore entitled to recover three times the amount of its actual damages and Defendants' profits, and the attorneys' fees and costs incurred in this action, as well as prejudgment interest.

## THIRD CAUSE OF ACTION

### COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION

78. Plaintiff realleges and incorporates herein by reference paragraphs 1 through 77 of this Complaint as if fully set forth here.

79. Plaintiff owns and uses the PersonaDoctors mark in U.S. commerce and within the State of Maryland, and the use of the PersonaDoctors mark predates any use of the infringing Persona mark.

80. Defendants' actions as described herein have caused and are likely to cause confusion, mistake, and deception among ordinary consumers as to the affiliation, connection, or association of Defendants with Plaintiff and as to the true source of Defendants' goods or services, and as to the sponsorship or approval of Defendants or Defendants' goods and services by Plaintiff.

81. Additionally, Defendants' actions as described herein are likely to cause confusion, mistake, and deception as to the true source of Plaintiff's services, and to diminish Plaintiff's ability to identify itself as the source of its services, and to build goodwill in its PersonaDoctors mark, resulting in "reverse" confusion among consumers and potential consumers of Plaintiff's services.

82. Defendants' unlawful activities constitute unfair competition and trademark infringement as proscribed by common law.

83. Defendants' acts of unfair competition and trademark infringement are committed maliciously and wantonly, and with knowing and reckless disregard of Plaintiff's trademark rights. For example, Defendants have persisted in the use of their infringing trademark, and have encroached further on Plaintiff's rights, even after the PTO made final its refusals to register most of Defendants' applications for the Persona mark due to the likelihood of confusion with Plaintiff's mark.

84. Around three weeks after receiving the PTO's final office actions, Defendant Nestlé S.A. filed two more applications for the Persona mark, including in connection with goods that came even closer to Plaintiff's services than those in the already-denied applications.

85. Moreover, since receiving such office actions, Defendants have recently targeted consumers in the exact geographic market where Plaintiff does business, including through direct-to-consumer mail and television advertising. They have not only targeted such consumers using the infringing Persona mark, but they have also used marketing messages like the "Designed by Doctors" slogan, that increase confusion with PersonaDoctors.

86. Such conduct demonstrates a wanton disregard for, and maliciousness towards, Plaintiff and its rights in the PersonaDoctors mark.

87. Plaintiff is entitled to compensatory and punitive damages under Maryland common law for Defendants' actions alleged herein.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the following relief:

**(a)** That Plaintiff be granted preliminary and permanent injunctive relief under 15 U.S.C. § 1051 *et seq*., specifically, that Defendants and all of their officers, agents, servants, representatives, employees, attorneys, parent and subsidiary corporations, assigns and successors in interest, and all other persons acting in concert or participation with them, be permanently enjoined from: (i) using any trademark incorporating the term "persona," or any similar variations thereof, whether in standard character form or with stylization or design, in connection with the marketing, promotion, advertising, sale, or rendering of any of Defendants' goods or services in the U.S.; (ii) using any false designation of origin or any false description that can, or is likely to, mislead the public, or individual members thereof, to believe that any good or service distributed, sold, offered for sale, or advertised by Defendants is in any manner associated with or approved or sponsored by Plaintiff (or vice versa); (iii) representing in any manner that Defendants are endorsed or sponsored by Plaintiff, or represent or work on behalf of Plaintiff, or are affiliated or associated with Plaintiff (or vice versa); and (iv) undertaking any other infringing or misleading conduct discovered during the course of this action;

**(b)** That Defendants file, within ten (10) days from entry of an injunction, a declaration with this Court signed under penalty of perjury certifying: (i) the manner in which Defendants have complied with the terms of the injunction; (ii) that Defendants have removed, destroyed, or caused to be removed or destroyed, all marketing or promotional materials or packaging for Defendants' goods or services that features the term "persona" or otherwise violates (a) above; and (iii) that Defendants, to the extent applicable, have written all of their affiliates, licensees, and

agents (including but not limited to brand influencers and spokespersons) requesting that they cease use or refrain from using the term "persona" in connection with Defendants' goods and services;

**(c)** That Defendants are adjudged to have violated 15 U.S.C. § 1114 by infringing the registered PersonaDoctors mark;

**(d)** That Defendants are adjudged to have violated 15 U.S.C. § 1125(a) by infringing common law trademark rights in the PersonaDoctors mark and unfairly competing against Plaintiff by using a false designation of origin for Defendants' goods and services;

**(e)** That this Court order Defendants to expressly abandon all pending U.S. applications for the Persona mark, and any issued registrations for the Persona mark, whether in standard character, stylized, or design form, and permanently refrain from seeking registration of any mark containing the word "persona" or any other trademark confusingly similar to Plaintiff's mark; and that the Court decree that Defendants have no right to registration of the Persona mark and order the Director of the United States Patent and Trademark Office to cancel any registrations for the Persona mark owned by any of the Defendants, under 15 U.S.C. § 1119;

**(f)** That Plaintiff be awarded damages in an amount sufficient to compensate it for damage caused by Defendants' acts;

**(g)** That this Court order an accounting of Defendants' profits related to Defendants' unlawful activities and award all of said profits to Plaintiff;

**(h)** That Plaintiff be awarded three times Defendants' profits and three times Plaintiff's damages suffered as a result of Defendants' willful, intentional, and deliberate acts in violation of the Lanham Act;

**(i)** That Plaintiff be awarded its attorneys' fees and costs in this action under 15 U.S.C. § 1117 as a result of Defendants' Lanham Act violations;

**(j)** That Plaintiff be awarded all other remedies available under the Lanham Act, including, but not limited to, corrective advertising;

**(k)** That Plaintiff be awarded punitive damages under Maryland common law in an amount to be determined by the Court;

**(l)** That Plaintiff be granted prejudgment and post judgment interest; and

**(m)** That Plaintiff be granted such further relief as the Court may deem just and equitable.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby respectfully demands a trial by jury of all issues triable of right by a jury.

Dated: June 10, 2021

Respectfully submitted,

/s/ *Brendan J. Hughes*

Brendan J. Hughes (Bar No. 17042)
Rebecca Givner-Forbes (*pro hac vice* mtn. forthcoming)
Shane Rumbaugh (*pro hac vice* mtn. forthcoming)
COOLEY LLP
1299 Pennsylvania Ave NW, Suite 700
Washington, DC 20004
Tel: (202) 842-7800
Fax: (202) 842-7899
Email: bhughes@cooley.com
rgf@cooley.com
srumbaugh@cooley.com

John Paul Oleksiuk (*pro hac vice* mtn. forthcoming)
COOLEY LLP
1333 2nd Street, Suite 400
Santa Monica, CA 90401
Tel: (310) 883-6400
Fax: (310) 883-6500
Email: jpo@cooley.com

*Counsel for Plaintiff R80 LLC*